**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **LISA PARKS,** <br><br> Plaintiff, <br><br> v. <br><br> **KARIE MAGEDOFF, ANTHONY GREER, and SPEEDY TITLE & APPRAISAL REVIEW SERVICES,** <br><br> Defendants. | No. 16-cv-2103 <br><br> Honorable Robert M. Dow, Jr. |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT, AND IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT, AND MOTION TO STRIKE**

**I.      INTRODUCTION**

On February 16, 2016, Plaintiff Lisa Parks ("Plaintiff") filed a complaint against her former employer, Speedy Title & Appraisal Review Services ("STARS"), her former supervisor, Anthony Greer, and STARS' Human Resources director, Kari Magedoff, purporting to allege race, color and sex discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). On May 6, 2016, Defendants moved to dismiss and for a more definite statement [D.E. 29-31]. On June 16, 2016, the Court granted Plaintiff's oral motion for leave to file an amended complaint. [D.E. 34]

On August 4, 2017, Plaintiff, proceeding *pro se*[1], filed an Amended Complaint. The Amended Complaint remedied but one of the issues in Plaintiff's original pleading, by adding numbered paragraphs, albeit after numerous pages pled in a single narrative. Yet, Plaintiff's

---

[1] In the 535 days between the filing of Plaintiff's original complaint and her Amended Complaint, the Court appointed her eight attorneys. Each withdrew from the case and Plaintiff proceeds *pro se*. [D.E. 86].

conclusory allegations, mixed with voluminous nonsensical factual allegations, together do not yield plausible claims of wrongful conduct by Defendants. Certain claims must be dismissed against Defendants Greer and Magedoff because there can be no individual liability. If the Court determines Plaintiff has plausibly pled any claims in the seven narrative pages of her Amended Complaint, Defendants request she be ordered to file a more definite statement on those claims, setting forth the basis for each Defendant's liability, and the facts supporting them. Finally, Plaintiff has filed certain documents as exhibits to her Amended Complaint that are wholly immaterial to her claims. Defendants request this Court strike those exhibits.

II.     PLAINTIFF'S ALLEGATIONS

Plaintiff appears to assert violations of Title VII, Title VI of the Civil Rights Act of 1964 ("Title VI"), the Fair Labor Standards Act ("FLSA"), Section 1981 of the Civil Rights Act of 1866 ("Section 1981"), the Illinois Minimum Wage Law ("IMWL"), the Equal Pay Act ("EPA"), the Illinois Whistleblower Act ("IWA"), the New Jersey Conscientious Employee Protection Act ("CEPA"), the Employee Retirement Income Security Act of 1974 ("ERISA"), Appraiser Independence Requirements, and the Dodd-Frank[2] Wall Street Reform and Consumer Protection Act ("Dodd-Frank").

However, in nearly 70 pages, Plaintiff fails to make the required logical nexus between her incomprehensible factual allegations and these claims. For instance, she points to: having received emails from Defendant Greer she admits "were about staff meetings", yet somehow, "made [her] feel unsafe"; Defendant Greer's failure to "refer[] to [her] awards in a professional manner"; receiving a computer that was not "new" after technicians could not repair her computer; earning a starting salary that was "$55,009.50…[o]nly [$]9.50 over the minimum [wage]"; receiving an email from a supervisor two months into her employment stating

---

[2] Incorrectly referred to by Plaintiff in the Amended Complaint as "Frank Dodd". [D.E. 96, pp. 11, 33].

"everyday I monitor the total work production on [*sic*] each of my team players"; being asked to "purchase a second internet contract…which did not work better than [her] first service" when she worked from home; Defendant STARS' alleged failure to inform appraisers about office closings; general workplace disagreements that admittedly did not involve her; and believing she was "qualified for different and possible better plans and higher company contributions." (Am. Compl., ¶¶14, 19, 26, 38, 39, 41, 49, 50, 53). In addition, Plaintiff describes conversations with and advice she allegedly received from various representatives at various agencies, including the Equal Employment Opportunity Commission ("EEOC"), Illinois Department of Labor ("IDOL"), and Illinois Department of Financial and Professional Regulation ("IDFPR"), but provides no logical connection to her claims or damages she allegedly suffered.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. In resolving a Rule 12(b)(6) motion, a court views the complaint in the light most favorable to the plaintiff, accepting all well-pleaded facts as true and drawing all reasonable inferences in the plaintiff's favor. *Abcarian v. McDonald*, 617 F.3d 931, 933 (7th Cir. 2010). Rule 8 requires that: (1) the complaint provide the defendants fair notice of the plaintiff's claims; (2) the factual allegations rise above the "speculative" level, and not be "so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim"; and (3) the factual allegations provide more than abstract recitations of the elements of a cause of action or conclusory legal statements. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (internal citations omitted). "Where the well-pleaded facts 'do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.'" *McQueen v. City of Chicago*, 803 F. Supp. 2d 892, 900 (N.D. Ill. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S.

662, 679 (2009)).

As a *pro se* litigant, Plaintiff is not excused from complying with Rule 8. *Gregory v. TCF Bank*, 2009 WL 4823907, at *3 (N.D. Ill. Dec. 10, 2009) (dismissing *pro se* litigant's claims where "the allegations provide little factual enhancement to render the allegations plausible").

### IV. ARGUMENT

#### A. Plaintiff's Causes of Action Fail to State a Claim

Despite filing an Amended Complaint nearly 70 pages in length, Plaintiff remains wholly unable to articulate facts sufficient to allow the Court to "to draw the reasonable inference that the defendant is liable for the misconduct alleged" in any of her eleven counts. *Iqbal*, 556 U.S. at 678. Instead, her Amended Complaint is nothing more than an incomprehensible narrative of "the-defendant[s]-unlawfully-harmed-me accusation[s]." *Id.*

##### 1. Plaintiff's Title VII (Counts I and II) and Section 1981 (Count V) Claims Should Be Dismissed Because She Fails to Allege an Adverse Employment Action

Plaintiff's wrongful termination claim and discrimination claim under Title VII, pled separately, do not survive Rule 12(b)(6). To state a claim for disparate racial treatment under Title VII, Plaintiff must allege: (1) she is a member of a protected class; (2) she was subjected to an adverse employment act; and (3) there is a causal link between those two. *Murdock-Alexander v. Tempsnow Employment*, 2016 WL 6833961, at *6 (N.D. Ill. Nov. 21, 2016).

Plaintiff fails to allege the second and third elements. The Seventh Circuit has consistently held that "unfair reprimands or negative performance evaluations, unaccompanied by some *tangible* job consequence, do not constitute adverse employment actions." *Jones v. Res-Care, Inc.*, 613 F. 3d 655, 671 (7th Cir. 2010) (emphasis in original) (internal citations omitted). In the first paragraph of her Amended Complaint, she alleges, without further explanation, that she was "forced to leave [her] position at STARS *by the suggestion of the Illinois Department of*

*Financial and Professional Regulation…*" (Am. Compl., ¶1) (emphasis added). This falls short of alleging STARS caused her employment to end. Her conclusory reference to a corrective action she received in August 6, 2014 similarly "does not rise to the level of an adverse employment action." (*Id.*, ¶6); *Jones,* 613 F. 3d at 671.

The abundance of irrelevant allegations that follow in her Amended Complaint also does not state a plausible claim. For example, Plaintiff notes her supervisor "spoke in a voice louder than normal" when he informed her she was hired as an underwriter, not an appraiser. (Am. Compl., ¶4). She focuses on two innocuous words in an email from her supervisor clearly the result of typographical errors[3], stating "his terminology is important here." (*Id.,* ¶5). Similarly, Plaintiff points to a delayed travel-related reimbursement, receiving calls from technical support "very near or during [her] lunch time to work on computer" issues, not receiving a brand new computer after hers could not be repaired, and her disappointment in Greer for "never refer[ring] to [her] awards in a professional manner". (*Id.*, ¶¶ 25, 14, 26, 19). These are not adverse employment actions. Nor does Plaintiff allege these ordinary workplace grievances were accompanied by some tangible job consequence, and therefore, constitute an adverse employment action. *See Jones*, 613 F.3d at 671.

Section 1981 closely tracks Title VII when the alleged liability is for an employment practice. *Klinger v. BIA, Inc.*, 2011 WL 4945021, at *3 (N.D. Ill. Oct. 18, 2011). To succeed in a Section 1981 claim in the employment context, the plaintiff similarly "must show that [she] is a member of a class protected by the statute, that [she] has been the subject of some form of adverse employment action…and that the employer took this adverse action on account of the plaintiff's membership in the protected class." *Adam v. Obama for America*, 210 F. Supp. 3d

---

[3] The email allegedly read, "It may have misspoken during out conversation" (*Id.*) but was presumably supposed to read "I may have misspoken during our conversation."

979, 985 (N.D. Ill 2016) (quoting *Morgan v. SVT, LLC,* 724 F.3d 990, 995 (7th Cir. 2013)). Plaintiff's Section 1981 claim fails for the same reason her Title VII claims fail: there is no causation pled attributable to Defendants.

Courts have long held that "federal law does not protect against petty slights, minor annoyances, and bad manners." *Id.* at 988 (citing *Boss v. Castro*, 816 F.3d 910, 918 (7th Cir. 2016)) (internal quotations omitted). Such statutes are "not intended to reach every bigoted act or gesture that a worker might encounter in the workplace." *Id.* (internal citations and quotations omitted). Instead, Plaintiff "must show some quantitative or qualitative change in the terms or conditions of [her] employment or some sort of real harm." *Id.* (quoting *Chaib v. Indiana*, 744 F.3d 974, 982 (7th Cir. 2014)). Plaintiff must show that the action is more disruptive than just a mere inconvenience or even an alteration of job responsibilities. *Id.*

To support her Section 1981 claim, Plaintiff alleges only petty slights such as "[i]n March of 2015, after my vacation, Greer insisted that I make a trip to Mount Laurel for training so he could monitor how I used the computer…Kari [Magedoff] could have intervened but instead, I began the process of looking for a plane ticket." (Am. Compl., ¶36). Her frustration that she "did not have much of a choice about travelling to New Jersey for training", that other staff "still had computer and VPN issues", and that "there was not much resolution" do not rise above a minor annoyance to the level of qualitatively or quantitatively changing the terms and conditions of her employment. (*Id.*, ¶37); *Adam*, 210 F. Supp. 3d at 988.

In sum, Plaintiff fails to allege an adverse employment action attributable to Defendants. Because Plaintiff failed to "actually *suggest* that [she] has a right to relief…by providing allegations that raise a right to relief above the speculative level," her Title VII and Section 1981 discrimination claims should be dismissed. *E.E.O.C. v. Concentra Health Servs. Inc.,* 496 F.3d

773, 777 (7th Cir. 2007) (emphasis in original) (internal citations and quotations omitted).

### 2. Plaintiff's Title VII Retaliation Claim (Count III) Fails Because She Did Not Engage in Protected Activity, Nor Suffered an Adverse Employment Action

Plaintiff similarly cannot state a claim of retaliation under Title VII. "To state a claim for retaliation under Title VII, a plaintiff must allege that [she] engaged in protected activity, and, *as a result*, was subjected to an adverse employment action." *Lugo v. Int'l Bhd. of Elec. Workers Local #134*, 175 F. Supp. 3d 1026, 1037 (N.D. Ill. 2016) (citing *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 828 (7th Cir. 2014)) (emphasis added).

Plaintiff pleads none of the three elements of a retaliation claim. Even if her claim she spoke to a representative from the IDFPR about "maintaining records" and "trying to remain in compliance" could be considered protected activity (which it cannot), she has not alleged that Defendants knew about this purported conversation. (Am. Compl., ¶28). Accordingly, there is no plausible causation pled. Instead, Plaintiff does not actually refute STARS' stated legitimate and non-retaliatory reason for the corrective action—her absence from work. (*Id.*). Plaintiff's retaliation claim should be dismissed with prejudice.

### 3. Plaintiff's Title VI (Count II)[4] Claim Fails Because No Defendant Is a Public Actor

Plaintiff – perhaps mistakenly – asserts a Title VI violation in Count II. However, she fails to assert that STARS or the individual Defendants receive federal financial assistance, which is required to bring a claim under Title VI. *See* 42 U.S.C. §2000d, *et seq*. Plaintiff cannot cure this deficiency in an amended pleading because Defendants are all private entities and do not receive federal financial assistance. The Title VI claim should be dismissed with prejudice.

---

[4] Count II of Plaintiff's Amended Complaint reads "Discrimination (Color, Race and Sex) Title VII and Title VI of the Civil Rights Act of 1964."

### 4. Plaintiff Fails to Sufficiently Plead FLSA (Count IV) or IMWL (Count VI) Claims

Plaintiff adds a claim for alleged failure to pay her overtime in violation of the FLSA. Courts routinely dismiss "complaints which merely recite the elements of an FLSA claim without supporting factual detail." *Hughes v. Scarlett's G.P., Inc.*, 2016 WL 454348, at *5 (N.D. Ill. Feb. 5, 2016) (holding that plaintiffs claim they worked over forty hours in a week but were not paid time and a half did not offer sufficient factual detail). This Court has held that "an employee who brings suit for unpaid overtime compensation has the burden of proving that she performed work for which she was not properly compensated." *Id.* (quoting *Gatto v. Mortgage Specialists of Illinois, Inc.*, 442 F. Supp. 2d 529, 535 (N.D. Ill. 2006)). Plaintiffs "must do more than merely parrot the statutory language of the claims that they are pleading (something that anyone could do, regardless of what may be prompting the lawsuit)" but must "provide some specific facts to ground those legal claims." *Id.* (internal quotations and citations omitted).

Plaintiff's vague and conclusory allegations, such as "…in order to keep my job I had to work additional hours without pay", do not meet this standard, or elevate Plaintiff's FLSA claim from conclusory to plausible. (Am. Compl., ¶32). And because the IMWL mirrors the FLSA, the Plaintiff's IMWL claim fails for the same reasons. *See, e.g., Hughes*, 2016 WL 454348 at *6 (court dismissed IMWL claim for the same reasons it dismissed plaintiffs' FLSA claim since the two statutes are parallel).

Even if it were plausibly pled, Plaintiff's FLSA claim is not viable under the statute of limitations. The FLSA "requires that a civil enforcement action be commenced within two years after the cause of action accrued, except that a cause of action arising out of a 'willful' violation may be commenced within three years." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 128 (1988). Plaintiff does not allege that the purported FLSA violation was willful, so the two-year

statute of limitations applies. She did not plead a FLSA violation in her original complaint, and the only dates pled regarding this claim are "February/March 2015" – over two years from the filing of the Amended Complaint. (Am. Compl., ¶33). Plaintiff has pled herself out of an FLSA claim and her FLSA claim should be dismissed. *See Terry v. Chicago Police Dep't*, 200 F. Supp. 3d 719, 723 (N.D. Ill. 2016) (noting the Seventh Circuit "has consistently reaffirmed that a plaintiff may plead [her]self out of court by alleging facts that are sufficient to establish a statute of limitations defense") (internal citations omitted).

There is yet another ground to dismiss Plaintiff's IMWL claim. She appears to contend that Defendants failed to pay her minimum wage. (Am. Compl., ¶38). However, in the very same paragraph, she admits that she was paid nearly ten dollars over the minimum wage, as her starting salary was $55,0009.50, "[o]nly [$]9.50 over the minimum." (*Id.*). Illinois' minimum wage was $8.25 an hour in 2015. 820 ILCS 105/4(a)(1). Plaintiff admits that she was paid above the minimum wage. Her IMWL claim should be dismissed.

### 5. Plaintiff Pleads Herself Out of an EPA Claim (Count VI)

To establish a *prima facie* EPA claim, "a plaintiff must show: (1) that different wages are paid to employees of the opposite sex; (2) that the employees do equal work which requires equal skill, effort, and responsibility; and (3) that the employees have similar working conditions." *Fallon v. State of Ill.*, 882 F.2d 1206, 1208 (7th Cir. 1989). Here, Plaintiff cannot even get past the first prong, let alone fulfill all three elements. She alleges, "STARS paid me less in salary than my male *and possibly female counterparts*." (Am. Compl., ¶38) (emphasis added). Plaintiff also does not address whether other employees performed equal work or had similar working conditions. The Court should dismiss Plaintiff's EPA claim.

      **6.    Plaintiff Does Not Satisfy the Elements Necessary to State Any Whistleblower Claim and Therefore, Her IWA Claim (Count VII), CEPA Claim (Count VIII), and Dodd-Frank Claim (Count XI) Fail**

Plaintiff fails to allege sufficient allegations to afford her whistleblower status, and therefore, all of her whistleblower claims fail. "[T]he purpose of the IWA, is to protect employees from adverse employment actions in retaliation for reporting or refusing to engage in unlawful conduct by their employers." *Huang v. Fluidmesh Networks, LLC*, 2017 WL 3034672, at *3 (N.D. Ill. July 18, 2017). As discussed above, Plaintiff does not plausibly allege to have suffered an adverse employment action due to Defendants' conduct. And similar to the complaint in *Huang*, Plaintiff's Amended Complaint "fails to cite the specific section(s) of the IWA" that she believes Defendants to have violated. *Id.*

Regardless, courts have interpreted the IWA "to provide that an individual qualifies as a whistleblower only if he or she reports allegedly unlawful activity to some governmental authority or agency." *Riedlinger v. Hudson Respiratory Care, Inc.*, 478 F. Supp. 2d 1051, 1054 (N.D. Ill. 2007). Plaintiff alleges she qualifies as a whistleblower under the IWA because she "currently [has] a case pending in the Illinois Northern District [*sic*]." (Am. Compl., ¶42). However, she had already resigned from STARS when she filed suit on March 23, 2015, so there is no causal connection. (*Id.*, p. 8, ¶1). Plaintiff also does not allege that she was retaliated against for refusing to engage in unlawful activity. Therefore, Count VII must be dismissed.

Similarly, to state a claim under CEPA, a plaintiff must introduce sufficient evidence to show that: (1) she reasonably believed illegal conduct was occurring; (2) she disclosed or threatened to disclose the activity to a supervisor or a public body; (3) a retaliatory employment action was taken against her; and (4) there was a causal connection between the whistleblowing and the adverse employment action. *Hancock v. Borough of Oaklyn*, 347 N.J. Super. 350, 358-59 (2002). Plaintiff has not pled these elements. She even alleges that "[s]ome issues were reported

to state and maybe federal agencies", but that "[t]he majority of those disagreements did not directly involve me." (Am. Compl., ¶50).

However, even had Plaintiff pled a *prima facie* CEPA violation, her claim would still fail because she does not have standing to bring such a claim. "CEPA is generally only available to New Jersey employees, as New Jersey law regulates conduct in New Jersey." *Papalini v. Sensient Colors, Inc.*, 2012 WL 1345353, at *4 (D.N.J. April 19, 2012). Plaintiff does not allege that she is a New Jersey employee, but rather alleges she is a "state of Illinois Licensed Certified General Appraiser", she resides in Chicago, Illinois, and her "W-2 forms show STARS is in Irvine, California." (Am. Compl., pp. 9, 10). Count VIII should be dismissed.

Finally, Dodd-Frank "created a private cause of action to protect certain whistleblowers from retaliation by their employers." *Zillges v. Kenney Bank & Trust,* 24 F. Supp. 3d 795, 800 (E.D. Wis. 2014). Under Dodd-Frank, employers may not discriminate against a whistleblower for partaking in certain specified activities. *Id.* There has been disagreement, however, among federal courts regarding the statutory interpretation of what conduct affords an individual "whistleblower" status, and thus, provides protection under the statute. Specifically, courts differ on whether an individual must provide information relating to a violation of securities laws to the Securities and Exchange Commission ("SEC"), or whether providing the information to a person with supervisory authority over the employee suffices. *Id.*

In any event, the issue is moot. Not only does Plaintiff fail to allege that she made a securities violation related disclosure to the SEC, but she also "fails to meet one of the other requirements for qualifying as a whistleblower under Dodd-Frank—namely, that the disclosure 'relate to a violation of the securities laws.'" *Id.* (quoting 15 U.S.C. §78u-6(a)(6)). "To be protected as a whistleblower under Dodd-Frank, the plaintiff 'must demonstrate that the

disclosure at issue relates to a violation of federal securities laws.'" *Id.* (quoting *Nollner v. Southern Baptist Convention, Inc.*, 852 F. Supp. 2d 986, 994 (M.D. Tenn. 2012)). Here, just as in *Zillges*, Plaintiff does not allege that her "disclosure relates to a violation of federal securities laws, and so [she] has not stated a claim under Dodd-Frank's whistleblower-protection provision regardless of whether that provision protects individuals who make disclosures to entities other than the SEC." *Id.* The Court should dismiss Plaintiff's Count XI with prejudice. *Id.* (denying motion for leave to file an amended complaint because proposed amendment would be futile).

### 7. Plaintiff Does Not State a Claim Under ERISA (Count IX)

The purpose of ERISA "is to provide a uniform regulatory regime over employee benefit plans." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004). In Count IX, Plaintiff neglects to indicate which section of ERISA Defendants allegedly violated. Regardless, Plaintiff fails to allege that the STARS-issued "insurance policy" she claims was not explained to her properly even falls under the purview of ERISA. (Am. Compl., ¶52). She also fails to plead how her allegation that she "would have qualified for different and possibly better benefits plans and higher company contributions" violates ERISA or that she exhausted any administrative remedies prior to filing suit. (*Id.,* ¶53). Plaintiff's ERISA claim should be dismissed.

### 8. Plaintiff Does Not Have a Cause of Action for a Violation of Appraisal Independence (Count X)

Plaintiff does not state a claim, nor can she, for a cause of action arising under 15 U.S.C. §1639e[5]. This statute addresses violations of appraisal independence "*with respect to consumer credit transactions*, deterring a person with an interest in the underlying transaction from incentivizing or coercing an appraiser to misrepresent property value." *Warren v. JPMorgan Chase Bank, N.A.*, 2015 WL 11120693, at *2 (D. Ariz. June 4, 2015) (emphasis added) (internal

---

[5] Plaintiff merely labels Count X as "Appraiser Independence Requirements Violations." (Am. Compl., Count X). Defendants' best guess is that it refers to 15 U.S.C. §1639e.

quotations omitted). Plaintiff maintains she was hired as an appraiser; however, she does not allege she "was a party to a consumer credit transaction that was compromised by a statutory violation of appraisal independence." *Id.* (holding that plaintiff's 15 U.S.C. §1639e claim could not survive when he alleged that he was hired as an independent appraiser). Plaintiff's Appraisal Independence Count fails and should be dismissed.

### B. Defendants Greer and Magedoff Cannot Be Held Individually Liable

To the extent Plaintiff has adequately pled Title VII[6] or ERISA claims, individual Defendants Greer and Magedoff must be dismissed. Greer and Magedoff are sued as Plaintiff's former supervisor and Human Resources director, respectively, not as her employer. However, the focus of Title VII "is on the employer entity as a whole, not individual managers or supervisors, who are not individually liable for an employer's violations of federal discrimination statutes." *Schandelmeier-Bartles v. Chi. Park Dist.*, 634 F.3d 372, 380 (7th Cir. 2011) (citing *Williams v. Banning*, 72 F.3d 552, 553-54 (7th Cir. 1995)).

Similarly, although impossible to ascertain which section of ERISA Plaintiff claims Defendants violated, ERISA claims "lie only against an employer and do not provide for individual liability." *Magnus v. St. Mark United Methodist Church*, 2010 WL 4177614, at *3 (N.D. Ill. Oct. 19, 2010). Nor is there individual liability under the IWA. *Cunliffe v. Wright*, 51 F. Supp. 3d 721, 740 (N.D. Ill. 2014) (dismissing individual defendants with prejudice as because "there is no individual liability under the IWA which only creates a cause of action

---

[6] Even if Title VII permitted individual liability, Plaintiff failed to name the individual Defendants in her charge of discrimination (which is unperfected) and is therefore foreclosed from asserting Title VII claims against them here. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1089 (7th Cir. 2008) ("…a party not named as the respondent in an EEOC charge may not be sued under Title VII"). A true and correct copy of Plaintiff's (unperfected) EEOC charge is attached hereto as **Exhibit A**. *See Davis v. Cent. Can. Co.*, 2006 WL 2255895, at *4 (N.D. Ill. Aug. 4, 2006) (collecting cases) (the Seventh Circuit has long held that "an EEOC charge attached to a motion to dismiss may be considered as part of the pleadings if it is referenced in the complaint and is central to the plaintiff's claims" without converting the motion into a motion for summary judgment).

against an employer") (internal citations and quotations omitted).

### C. In the Alternative, Plaintiff Should Be Required to File a More Definite Statement

Rule 10 requires parties to state claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances and also to separate their claims in order to clarify the complaint. Fed. R Civ. P. 10(b). While most of Plaintiff's Amended Complaint is unclear and replete with conclusory allegations, the first seven pages of narrative are so vague, it is difficult to even determine if Plaintiff purports to set forth any claims. If she does, Defendants can only guess what additional claims Plaintiff alleges, why each Defendant might be liable for those claims, and what facts underpin them.

Rule 12(e) enables a defendant to seek "a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Such a motion should be granted "where the movant cannot reasonably be required to frame an answer or other responsive pleading to the pleading in question." Fed. R. Civ. P. 12(e) advisory committee note. Courts grant motions for a more definite statement when the defendants can only guess to what conduct an allegation refers. *In re Yasmin & Yaz (Drospirenon) Mktg., Sales Practices & Prod. Liab. Litig.*, 2013 WL 427390, at *2 (S.D. Ill. Feb. 4, 2013) (granting motion for a more definite statement where the complaint was ambiguous "with regard to the relationship between the allegations, the causes of actions, and the remedies being sought").

Here, Plaintiff provided seven pages of narrative that supplements the Court's form amended complaint. These seven pages provide nonsensical, incomprehensible and seemingly irrelevant details that are impossible to decipher, much less provide any connection to the claims she purports to allege. Without being able to ascertain the nature of any claims Plaintiff attempts

to set forth in this narrative, Defendants cannot respond, even with a simple denial, in good faith or without prejudice to themselves. Plaintiff should be required to file a more definite statement regarding the allegations in the first seven pages of narrative of her Amended Complaint.

### D. Several Exhibits Should be Stricken from Plaintiff's Amended Complaint

Rule 12(f) permits a party to move to strike "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). At a minimum, Exhibits G and I must be stricken for being immaterial to Plaintiff's Amended Complaint and any claims therein. To start, it is impossible to understand what Exhibit G even purports to be. Not only does the Exhibit start in the middle of a sentence, but it appears to be copy and pasted sections of a timeline of alleged events Plaintiff created herself. (Am. Compl., Ex. G). It is impossible to determine what fact or allegation Exhibit G seeks to make more or less probable. *See* Fed. R. Evid. 401 ("evidence is relevant if: (a) it has a tendency to make a fact more or less probable than it would be without the evidence and (b) the fact is of consequence in determining the action"). Similarly, Exhibit I is wholly irrelevant to the Plaintiff's claims. Exhibit I contains emails (and Plaintiff's own rhetoric) pertaining to Plaintiff's *ex parte* communication with the Court over setting a settlement conference. Exhibit G should not only be stricken as immaterial, but also as scandalous, as it "bears no possible relation to the controversy." *Volling v. Antioch Rescue Squad*, 999 F. Supp. 2d 999, 1006 (N.D. Ill. 2013). Not a single sentence in Plaintiff's 69-page Amended Complaint relates to a settlement conference, let alone the parties' interactions with the Court regarding the improper scheduling of one. The Court should strike these Exhibits under Rule 12(f).

### V. CONCLUSION

For the foregoing reasons, Defendants respectfully request this Court dismiss Plaintiff's Amended Complaint in its entirety. Alternatively, Defendants ask the Court to require Plaintiff to file a more definite statement, and to strike certain exhibits.

Dated: August 31, 2017                                    Respectfully submitted,


                                                          /s/ Catherine S. Lindemann
                                                            *One of the attorneys for Defendants*

Paul E. Bateman
Catherine S. Lindemann
Keemya Maghsoudi
LITTLER MENDELSON, P.C.
A Professional Corporation
321 N. Clark Street
Suite 1000
Chicago, Illinois
312-372-5520

## CERTIFICATE OF SERVICE

Keemya Maghsoudi, an attorney, hereby certifies that on August 31, 2017, she caused a copy of the foregoing ***Defendants' Memorandum in Support of Their Motion to Dismiss Plaintiff's Amended Complaint, and In the Alternative, Motion for a More Definite Statement, and Motion to Strike*** to be electronically filed with the Clerk of the Court using the Court's CM/ECF system and to be served upon the following via electronic mail and FedEx:

>Lisa Parks
>7843 S. East End Avenue, #2
>Chicago, IL 60649
>lparks679542299@aol.com

>    /s/Keemya Maghsoudi
>  *One of the attorneys for Defendants*

Firmwide:149489458.4 067136.1068