IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LISA PARKS, | |
| Plaintiff, | No. 16-cv-2103 |
| v. | Honorable Robert M. Dow, Jr. |
| KARIE MAGEDOFF, ANTHONY GREER, and SPEEDY TITLE & APPRAISAL REVIEW SERVICES, | |
| Defendants. | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT, AND IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT AND MOTION TO STRIKE**

Defendants Speedy Title & Appraisal Review Services ("STARS"), Anthony Greer ("Greer"), and Kari Magedoff ("Magedoff") (collectively "Defendants"), through their undersigned attorneys, respectfully submit their Reply in Support of Their Motion to Dismiss Plaintiff's Amended Complaint, and In the Alternative, Motion for a More Definite Statement and Motion to Strike (the "Motion").

I. **INTRODUCTION**

Plaintiff Lisa Parks' ("Plaintiff") response to Defendants' Motion (the "Response") refutes none of Defendants' arguments for dismissal. (*See generally* Pl.'s Resp.). Significantly, Plaintiff does not demonstrate that her Amended Complaint states a single cause of action upon which relief can be granted. Nor does she claim Defendants Greer and Magedoff can be held individually liable for her purported claims. Plaintiff's Amended Complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6). In the alternative, Plaintiff must be ordered to file a more definite statement on the claims in the seven pages of narrative allegations in her

Amended Complaint. Finally, Plaintiff fails to adequately rebut any of Defendants' arguments pertaining to her exhibits which are unrelated to any claims in her Amended Complaint, and those exhibits must be stricken.

## II. ARGUMENT

Defendants seek dismissal on the basis that Plaintiff fails to state a single claim anywhere in her 69-paged Amended Complaint. Plaintiff's Response fails to sufficiently respond to, let alone negate, any of Defendants' legal arguments.

Plaintiff only references *three of her eleven causes of action,* which concedes Defendants' arguments for dismissal on the residual claims. Specifically, Plaintiff's Amended Complaint purports to set forth claims for: Title VII of the Civil Rights Act of 1964 ("Title VII"), Title VI of the Civil Rights Act of 1964 ("Title VI"), the Fair Labor Standards Act ("FLSA"), Section 1981 of the Civil Rights Act of 1866 ("Section 1981"), the Illinois Minimum Wage Law ("IMWL"), the Equal Pay Act ("EPA"), the Illinois Whistleblower Act ("IWA"), the New Jersey Conscientious Employee Protection Act ("CEPA"), the Employee Retirement Income Security Act of 1974 ("ERISA"), Appraiser Independence Requirements, and the Dodd-Frank Wall Street Reform and Consumer Protection Act ("Dodd-Frank"). Her Response, replete with legal conclusions, references only CEPA, FLSA, and Dodd-Frank in passing, without even a cursory attempt to refute Defendants' arguments on the remaining eight claims. Even Plaintiff's mentions of the three statutes she addresses are insufficient and rebut none of Defendants' arguments. Finally, Plaintiff does not address individual liability anywhere in her Response. Plaintiff's Amended Complaint should be dismissed.

### A. Plaintiff Fails to Adequately Rebut Defendants' Arguments

Nearly three of the eight pages making up Plaintiff's Response are focused, albeit inadequately, on CEPA. Plaintiff does not address, much less, rebut Defendants' contentions

that she failed to introduce evidence sufficient to establish a *prima facie* CEPA claim. She has not shown that: (1) she reasonably believed illegal conduct was occurring; (2) she disclosed or threatened to disclose the activity to a supervisor or public body; (3) a retaliatory employment action was taken; and (4) a causal connection existed between the whistleblowing and the adverse action. *Hancock v. Borough of Oaklyn*, 347 N.J. Super. 350, 358-59 (2002).

Plaintiff conclusively, and without citation or support, states that "[CEPA] extends to those located outside of New Jersey which [she has] found to be true via [her] search for accounts of applicable law" in response to Defendants' contention that even if Plaintiff could articulate a *prima facie* case, she lacks standing to assert a violation of a New Jersey statute. (Pl.'s Resp. at 2). As iterated in the Motion, Plaintiff *still* does not allege that she is a New Jersey employee. *See Pipeline v. Sentient Colors, Inc.*, 2012 WL 1345353, at *4 (D.N.J. Apr. 19, 2012) ("CEPA is generally only available to New Jersey employees, as New Jersey law regulates conduct in New Jersey"). Just two pages later, Plaintiff concedes that her "respective state" is Illinois. (Pl.'s Resp. at 4-5). Any attempt to re-plead her CEPA claim would be futile: Plaintiff was not a New Jersey employee. Finally, the majority of Plaintiff's Response, as it pertains to CEPA, appears to be nothing more than a regurgitation of portions of the statute. (*Id*. at 2-4). This simple recitation, without more, is a legal conclusion insufficient to survive a motion to dismiss. Therefore, her CEPA claim (Count VIII) must be dismissed with prejudice.

Next, Plaintiff states that "the defendants were discriminatory during hiring, promoting, demoting, and firing procedures" and that "[t]he FLSA…including overtime pay was violated." (*Id.* at 4). As explained in Defendants' Motion, courts regularly dismiss "complaints which merely recite elements of an FLSA claim without supporting factual detail." *Hughes v. Scarlett's G.P., Inc.*, 2016 WL 454348, at *5 (N.D. Ill. Feb. 5, 2016). Plaintiff's conclusory

statement that "[t]he FLSA…was violated" alone cannot establish a plausible claim that Defendants violated the FLSA. Plaintiff's FLSA claim (Count IV) must be dismissed.

The third and final alleged cause of action Plaintiff specifically addresses is Dodd-Frank. Plaintiff's entire response is to state that Dodd-Frank "was mentioned more than once" in her Amended Complaint and that she "did not simply refer to Frank Dodd [*sic*]." (Pl.'s Resp. at 5). Plaintiff neglects to address Defendants' arguments that she cannot state a claim since her alleged disclosure did not relate to a violation of the securities laws, and because she did not make her alleged disclosure to the Securities and Exchange Commission. Accordingly, Plaintiff has not stated a claim. Plaintiff's disclosure, if any, had no relation to a violation of securities law, and she could not cure her Dodd-Frank claim in an amended pleading. Count XI fails to state a claim upon which relief can be granted and must be dismissed with prejudice.

To save her Title VII and Section 1981 claims, Plaintiff summarily argues that "[t]he action of [Defendants] were retaliatory and unlawful, they are not minor misconduct or bad manners" and that "[t]he [P]plaintiff has stated that actions by STARS and its employees…were adverse actions". (*Id*. at 2, 6). Again, these legally conclusive statements, without sufficient—or any—supporting factual detail, are wholly insufficient to even suggest that Plaintiff suffered any adverse action. Even if, for argument's sake, Plaintiff provided more detail, she does not allege these ordinary workplace grievances were accompanied by some tangible job consequence, and therefore, constitute an adverse employment action. *See Jones v. Res-Care, Inc.*, 613 F.3d 655, 671 (7th Cir. 2010). Therefore, Plaintiff's Title VII and Section 1981 claims (Counts I, II, III, and V) should be dismissed.

**B.  Plaintiff Fails to Even Address Why A Majority of Her Claims Should Not Be Dismissed**

Plaintiff wholly neglects to address the remaining causes of action, which all fail for the

reasons stated in Defendants' Motion: Plaintiff does not contend that she engaged in protected activity to support her Title VII retaliation claim (Count III). She does not allege that any Defendant is a public actor, as required by Title VI (Count II). She fails to state that she was paid below minimum wage or that her male counterparts were paid more for similar work, negating her IMWL and EPA claims (Count VI). Plaintiff fails to indicate which section of ERISA she claims Defendants violated and fails to allege that she exhausted any administrative remedies prior to filing suit (Count IX). Plaintiff does not claim that her alleged conduct provided her with protected whistleblower status sufficient to maintain an IWA (or Dodd-Frank or CEPA) claim (Counts VII, VIII, and XI). And Plaintiff does not allege that she was a party to a consumer credit transaction, which is a prerequisite to bringing a claim for a violation of appraisal independence (Count X).

Finally, Plaintiff also does not address how or why Defendants Greer or Magedoff should be held individually liable for any claims. As discussed in Defendants' Motion, many of the causes of action do not even permit individual liability, but to the extent any do, she has failed to link their individual conduct to any statute. (Defs.' Mem. at 13-14).

Accordingly, Plaintiff's entire Amended Complaint should be dismissed.

### C. In the Alternative, Plaintiff Must be Directed to File a More Definite Statement and the Court Should Strike Certain Exhibits

Should the Court find that any of the claims in the Amended Complaint survive a motion to dismiss, Plaintiff should be ordered to file a more definite statement. While the entire Amended Complaint is difficult to comprehend, the first seven pages of narrative are so vague Defendants cannot even determine whether Plaintiff attempts to set forth any claims. Should Plaintiff purport to assert claims in those pages, Defendants can only guess what those claims are and why each Defendant might be liable.

Moreover, Exhibits G and I to Plaintiff's Amended Complaint must be stricken as immaterial: it is impossible to ascertain what Exhibit G even is, let alone how it relates to any claims in the Amended Complaint. Exhibit I contains emails coupled with Plaintiff's own chronicle regarding her *ex parte* communication with the Court over scheduling a settlement conference, despite nothing in Plaintiff's Amended Complaint relating to a settlement conference.

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court dismiss Plaintiff's Amended Complaint with prejudice. In the alternative, Defendants respectfully request the Court order Plaintiff to file a more definite statement and to strike certain irrelevant exhibits, and to dismiss Defendants Magedoff and Greer.

Dated: October 16, 2017                    Respectfully submitted,


                                           */s/ Catherine S. Lindemann*
                                             *One of the attorneys for Defendants*

Paul E. Bateman
Catherine S. Lindemann
Keemya Maghsoudi
LITTLER MENDELSON, P.C.
A Professional Corporation
321 N. Clark Street
Suite 1000
Chicago, Illinois 60654
312-372-5520

## **CERTIFICATE OF SERVICE**

       Keemya Maghsoudi, an attorney, hereby certifies that on October 16, 2017, she caused a copy of the foregoing ***Defendants' Reply in Support of Their Motion to Dismiss Plaintiff's Amended Complaint, and In The Alterative, Motion for a More Definite Statement and Motion to Strike*** to be electronically filed with the Clerk of the U.S. District Court, Northern District of Illinois, using the CM/ECF (*electronic case filing*) system, which sent notification via electronic mail of such filing to the following ECF participants:

       Lisa Parks
       7843 S. East End Avenue, #2
       Chicago, IL 60649
       lparks679542299@aol.com

       */s/Keemya Maghsoudi*
       *One of the attorneys for Defendants*

Firmwide:150528298.3 067136.1068